K3-585

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Enchante Accessories, Inc., | Civ. Action No. 19-cv-581 |
| Plaintiff, | **COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Turko Textile, LLC, d/b/a Enchante Home, | |
| Defendant. | |

Plaintiff Enchante Accessories, Inc. ("Plaintiff"), by its attorneys, for its Complaint against Defendant Turko Textile, LLC, d/b/a Enchante Home ("Defendant") alleges as follows.

## THE PARTIES

1. Plaintiff is a New York corporation with a place of business at 16 East 34th Street, 16th Floor, New York, New York 10016.

2. Defendant is a New York corporation with a place of business at 267 Fifth Avenue, New York, NY 10016.

1

## JURISDICTION AND VENUE

3. Plaintiff's claims arise under the Trademark Act of 1946, 15 U.S.C. § 1125(a), (also known as the "Lanham Act"), and the statutory and common law of the State of New York.

4. This Court has original subject matter jurisdiction over the federal claims in this action pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331 and 1338(a) and (b), as these claims arise under the laws of the United States, specifically the Lanham Act, or unfair competition claims.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) with respect to the claims arising under New York statutory and common law.

6. This Court has personal jurisdiction over Defendant because Defendant is a New York corporation domiciled and transacting business in this district, and Defendant is otherwise within the jurisdiction of this Court.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. Plaintiff and Its Activities

8. For over 30 years, Plaintiff has developed, manufactured and sold a wide range of consumer products, in this judicial district and throughout the United States, including, bath and body products, picture frames, mirrors, wall décor,

home fragrances, candles, bathroom accessories, home storage products, home and office organization products, photo albums, pillows, household linens, napkins, towels, window treatments, stationary, hair accessories and jewelry, and, as well, bathrobes as part of body and bath gift kits.

9. Plaintiff sells its products to major national retailers including Bed Bath & Beyond, JCPenney, Menards, Costco, Target, Macy's, BJ's, Sears, Lowe's, Neiman Marcus, The Home Depot, Forever 21, Tuesday Morning, Marshall's, Walmart, Kmart, H&M, Kohl's and Kirkland's.

10. Plaintiff uses Enchanté Accessories as a trade name for its business and has done so continuously for more than 20 years. Plaintiff also uses the shortened version of its name, Enchanté, from time to time.

11. Specifically, the sign at the front entrance to Plaintiff's New York showroom reads "Enchanté Accessories." A photo of the sign is attached as Exhibit A. The sign outside Plaintiff's New Jersey distribution center reads "Enchante." A photo of the sign is attached as Exhibit B.

12. A label or tag on, or the packaging of, substantially each of Plaintiff's products reads "Manufactured for and Distributed by Enchanté Accessories, Inc., New York, NY 10016," or the like. Illustrative samples of the use of Plaintiff's trade name on its packaging is attached as Exhibit C. In particular, Plaintiff's use of its trade name on bathrobes is illustrated in Exhibit D.

13. Plaintiff's Corporate Overview publication, which details many of Plaintiff's products to potential new customers, has "Enchanté" in the header and "enchantè accessories" in the footer of almost every page.

14. Sell sheets for Plaintiff's goods have "Enchanté Accessories" at the bottom. Plaintiff's sell sheets are provided to buyers of Plaintiff's retail customers in connection with the sale of Plaintiff's goods. Examples of Plaintiff's sell sheets are attached as Exhibit E.

15. Purchase orders from Plaintiff's customers are typically issued to and invoices are sent from "Enchanté Accessories Inc."

16. Plaintiff's Enchanté Accessories is an inherently distinctive, fanciful and arbitrary trademark and business name.

17. Plaintiff also uses Enchanté Accessories as a trademark for household and personal care products, including but not limited to, jewelry, and hair accessories such as clips, headbands, hairpins, bows, and elastic bands. A sampling of Plaintiff's products sold under the Enchanté Accessories trademark is attached as Exhibit F.

18. Plaintiff's Enchanté Accessories products branded with the Enchante Accessories trademark are sold to national retailers such as Rue 21, Ross Stores, The Wet Seal, Forever 21, Kmart, Walmart, Rainbow Stores, Burlington, and Michaels.

19. Plaintiff operates a website, "enchanteaccessories.com," on which its trade name is prominently displayed. Excerpts of Plaintiff's web pages are attached as Exhibit G.

20. Because of its long, continuous and exclusive use, Plaintiff's trade name and trademark Enchanté Accessories has acquired significant and valuable goodwill that inures to the benefit of Plaintiff.

21. Plaintiff is the owner of all rights, title and interest in and to the trade name and trademark Enchanté Accessories by virtue of its adoption, first and continuous use of such in connection with its products and business in New York and in the United States.

22. As a result of Plaintiff's continuous use of Enchanté Accessories as its trade name, and the commercial success of its goods marketed and sold under the Enchanté Accessories trademark, Plaintiff has achieved significant brand recognition such that customers recognize Plaintiff as the source of its goods.

23. Plaintiff's Enchanté Accessories trade name and trademark have come to represent the valuable goodwill and reputation of Plaintiff in the market for household and consumer products.

24. In recognition of the value and reputation of Plaintiff's trade name and trademark, numerous third party resellers use "Enchante Accessories" on their

5

advertisements, including websites, for Plaintiff's products. Exhibit H contains a sampling of third party ads.

25. The trade has come to expect that goods marketed and sold under the Enchanté Accessories trademark, or confusingly similar marks, or trade name, emanate from and are associated with Plaintiff.

26. Plaintiff has used its Enchanté Accessories trade name and trademark long prior to the first use of the term Enchante by Defendant.

B. Defendant's Activities

27. Defendant operates its business under the name "Enchante Home."

28. Defendant maintains a website presence at [www.enchantehome.com](www.enchantehome.com) (the "Enchante Home Website"), with virtually every page prominently displaying the name "Enchante Home."

29. On its website, Defendant sells towels, bathrobes, bath mats, blankets, and pillows.

30. The Enchante Home Website is accessible through the Internet to persons in New York, including this district.

31. Notwithstanding Plaintiff's prior common law rights in the Enchanté Accessories trademark and trade name, and long after Plaintiff established those rights, upon information and belief, with full knowledge of Plaintiff's trade name

6

and trademark, Defendant began using, in New York and in interstate commerce, "Enchante" as part of its assumed business name, "Enchante Home."

32. Upon information and belief, Defendant affixes the name "Enchante Home" to, or uses it in conjunction with, its goods, including, towels and linens.

33. At least some, if not all, of Defendant's products use the name "Enchante Home" on hang tags, labels, or packaging for the products.

34. Upon information and belief, Defendant's New York showroom displays signs with the name Enchante Home.

35. Defendant's business cards display the name Enchante Home.

36. Upon information and belief, Defendant knowingly adopted the use of its name as a deliberate, and in bad faith, intent to trade off the goodwill long established by Plaintiff in its trade name and trademark.

37. Due to the fact that the dominant parts of the respective names of Plaintiff and Defendant, "Enchante," are identical, and are used on the same and related goods in the same channels of trade, there is a likelihood of confusion, mistake or deception that Defendant's goods will be mistaken for Plaintiff's or are otherwise associated, sponsored or licensed by Plaintiff, that customers will patronize Defendant thinking it to be Plaintiff, and that Plaintiff will thereby be deprived of the value resulting from the goodwill it has acquired from use of its trade name and trademark. Moreover, to the extent that Defendant's goods do not

already overlap with those of Plaintiff, they are within Plaintiff's zone of natural expansion of the goods offered for sale by Plaintiff.

38. On one or more occasions, Saks Fifth Avenue has placed electronic orders with Plaintiff for Defendant's goods. On multiple occasions, Saks has issued checks to Plaintiff in payment of orders placed with Defendant. In some instances, said checks were issued as payable to Defendant but mailed to Plaintiff. Confusion is likely to continue unless the infringing use is enjoined.

39. Defendant's actions already have caused actual confusion and are likely to cause confusion among the relevant consumers of Plaintiff's and Defendant's products.

## FIRST CLAIM

**Violations of 15 U.S.C. 1125(a)(1)(A)**

40. Plaintiff repeats and re-alleges the allegations of paragraphs 1-39 of this Complaint as if set forth fully herein.

41. With actual knowledge of Plaintiff's long-term use of its trade name and trademark Enchante Accessories, Defendant introduced its line of competing products into interstate commerce under the name Enchante Home.

42. Defendant's use of the business name "Enchante Home" and Enchante Home as a trademark in interstate commerce on the same or related

goods as sold by Plaintiff in the same channels of trade and to the same customers has caused or is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of the parties or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

43. All of Defendant's acts are without permission, license or consent of Plaintiff.

44. The acts of Defendant represent calculated and intentional efforts to trade on Plaintiff's trade name, trademark and marketing efforts and goodwill and, as well, to unfairly interfere with and to improperly take advantage of the renown of the Enchante Accessories trade name of Plaintiff and to cause actual confusion in the marketplace.

45. Plaintiff has demanded that Defendant cease use of the name Enchante Home.

46. Defendant has continued the use of Enchante Home as a trademark and trade name in spite of Plaintiff's demand that they cease such use.

47. The conduct of Defendant described herein has caused, and if not enjoined, will continue to cause irreparable damage to the Plaintiff and to Plaintiff's business, reputation and goodwill.

48. Plaintiff is informed and believes, and based thereon alleges that Defendant has engaged in the foregoing conduct knowingly, willfully, and oppressively, intending to confuse, deceive and materially influence the public and the trade by use of its confusingly similar name. Defendant's conduct constitutes a willful and extraordinary violation of Section 43(a) of the Lanham Act and is an exceptional case within the meaning of Section 35 of the Lanham Act, 15 U.S.C. §1117, entitling Plaintiff to recover additional damages, reasonable attorneys' fees and costs of this action.

## SECOND CLAIM

**Trademark Infringement and Unfair Competition Under The Common Law of New York and N.Y. Gen. Bus. Law § 360-o**

49. Plaintiff repeats and re-alleges the allegations of paragraphs 1-48 of this Complaint as if set forth fully herein.

50. Count II is an action for trademark infringement and unfair competition under the common law of the State of New York, as preserved by N.Y. Gen. Bus. Law § 360-o, and is joined with a substantial and related claim under the trademark laws of the United States.

51. Plaintiff is the owner of all rights, title and interest in and to the trademark and trade name Enchanté Accessories by virtue of Plaintiff's adoption and first use, and the extensive provision of goods and services under the

trademark and in association with the trade name Enchanté Accessories in the State of New York and elsewhere.

52. The acts of Defendant in using Enchante Home are deliberate and with prior actual knowledge of Plaintiff's trade name and trademark and in willful, wanton, malicious and reckless disregard of Plaintiff's rights.

53. Upon information and belief, Defendant's actions described herein have at all times relevant to this action been undertaken with the bad faith intent to deceive the relevant public as to the origin, sponsorship, or approval of the products and commercial activities of Defendant.

54. By reason of the acts of Defendant alleged herein, Defendant has engaged in trademark infringement and unfair competition under the common law of the State of New York and N.Y. Gen. Bus. Law § 360-o.

55. Plaintiff is informed and believes, and based thereon alleges that Defendant has engaged in the foregoing conduct knowingly, willfully, and oppressively, intending to confuse, deceive and materially influence the public and the trade by use of its confusingly similar name. Plaintiff is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of New York, in an amount to be determined at trial.

56. Plaintiff has no adequate remedy at law. The conduct of Defendant described herein has caused, and if not enjoined, will continue to cause irreparable damage to the Plaintiff and to Plaintiff's business, reputation and goodwill.

## THIRD CLAIM

**Use of Name With Intent to Deceive In Violation of New York General Business Law GBS § 133**

57. Plaintiff repeats and re-alleges the allegations of paragraphs 1-56 of this Complaint as if set forth fully herein.

58. Count III is an action for violation of the General Business Law of the State of New York, GBS § 133, and is joined with a substantial and related claim under the trademark laws of the United States.

59. Upon information and belief, with actual knowledge of Plaintiff's prior long-term use of its Enchanté Accessories trade name and trademark, Defendant adopted and has used Enchante Home as an assumed trade name and trademark for advertising its products and promoting its business.

60. Upon information and belief, Defendant's actions described herein have at all times relevant to this action been willful and undertaken with the intent to deceive the relevant public as to the origin, sponsorship, or approval of the products and commercial activities of Defendant.

61. Defendant's actions have already deceived and confused the relevant public, and are likely to continue to do so.

62. Defendant's use of the name "Enchante Home," unless enjoined, will continue to deceive or mislead the relevant public as to Defendant's identity or as to Defendant's association with Plaintiff.

63. In light of the foregoing, Defendant's actions constitute a violation of N.Y. Gen. Bus. L. § 133.

64. Plaintiff has no adequate remedy at law. The conduct of Defendant described herein has caused, and if not enjoined, will continue to cause irreparable damage to the Plaintiff and to Plaintiff's business, reputation and goodwill.

FOURTH CLAIM

**Injury To Business Reputation
Under New York General Business Law GBS § 360-l**

65. Plaintiff repeats and re-alleges the allegations of paragraphs 1-64 of this Complaint as if set forth fully herein.

66. Count IV is an action for violation of the General Business Law of the State of New York, GBS § 360-l, and is joined with a substantial and related claim under the trademark laws of the United States.

67. Plaintiff's trade name and trademark are distinctive within the meaning of New York General Business Law, GBS § 360-l. Plaintiff has extensively used the Enchante Accessories trade name and trademark throughout the United States and these marks became distinctive, famous, and well-known

symbols of Plaintiff's goods well before Defendant began offering for sale the products complained of in this Complaint.

68. The use of the term Enchante by Defendant in its business name is likely to injure the business reputation of Plaintiff since such use is in no way under the control of Plaintiff, and the nature and quality of the products which Defendant distributes may not meet the quality and standards customers of Plaintiff have come to expect for goods associated with the Enchante Accessories trade name and trademark.

69. Defendant has injured and is likely to continue to injure Plaintiff's business reputation, or Defendant has diluted and is likely to dilute the distinctive quality of Plaintiff's trade name or trademark, and its continued use will cause the trade and purchasing public to no longer exclusively associate the Enchante Accessories trade name and trademark with Plaintiff.

70. Plaintiff has no adequate remedy at law. The conduct of Defendant described herein has caused, and if not enjoined, will continue to cause irreparable damage to the Plaintiff and to Plaintiff's business, reputation and goodwill.

FIFTH CLAIM

**Unjust Enrichment**

71. Plaintiff repeats and re-alleges the allegations of paragraphs 1-70 of this Complaint as if set forth fully herein.

72. Count V is an action for unjust enrichment under the common law of the State of New York and is joined with a substantial and related claim under the trademark laws of the United States.

73. As a result of the conduct described above, Defendant has been and will be unjustly enriched at the expense of Plaintiff. Among other things, Defendant's unfair and illegal actions as described above have enabled Defendant to generate business and provide services to customers who, in the absence of Defendant's unfair and illegal actions, would have used the services or purchased the products of Plaintiff.

74. It is unjust for Defendant to be permitted to retain the ill-gotten gains wrongfully earned at Plaintiff's expense.

75. Plaintiff is entitled to be compensated for Defendant's unjust enrichment in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

A. Defendant and its affiliates, parents, subsidiaries, successors, assigns and their agents, officers, directors, representatives, employees, attorneys and all persons in active concert, privity or participation with any of them be enjoined from:

    a. Using the term "Enchante" or variations thereof on or in connection with Defendant's goods or business;

    b. Using the term "Enchante" as part of a business name or trade name;

    c. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive others to believe that the actions of Defendant are connected with Plaintiff, are sponsored, approved, or licensed by Plaintiff, or are in some way connected or affiliated with Plaintiff;

    d. otherwise competing unfairly with Plaintiff in any manner;

    e. filing any trademark applications including the word "Enchante" or any colorable imitation;

    f. registering any domain name or social media name including the word "Enchante";

    g. using the word "Enchante" or any variation to identify Defendant's website, home page, domain name or in any other materials available on the Internet;

B. Defendant and its affiliates, parents, subsidiaries, successors, assigns and their agents, officers, directors, representatives, employees, attorneys and all persons in active concert, privity or participation with any of them be ordered to:

    a. Change the name under which Enchante Home conducts business to a name which does not include "Enchante";

    b. remove all instances of the word "Enchante" from *enchantehome.com,* or any other website, used in conjunction with the offer for sale of Defendant's goods in interstate commerce;

16

  c. remove the word "enchante" from the URL used to market and promote Defendant's goods;

  d. surrender the registration of *enchantehome.com* to Plaintiff;

  e. assign U.S. trademark application no. 87-296254 to Plaintiff;

  f. destroy any product, packaging, labelling, tags, advertising, or corporate communication in Defendant's possession, custody or control bearing the word "Enchante" or remove the word therefrom;

  g. file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report setting forth in detail the manner and form in which the Defendants have complied with the requirements of the injunction and order.

C. That Defendants be required to account for and pay to Plaintiff all of Defendants' profits realized by them as a consequence of its unlawful acts alleged herein;

D. That damages be awarded to Plaintiff in the full amount Plaintiff has sustained as a consequence of Defendant's acts, trebled where provided by law;

E. That punitive damages be awarded to Plaintiff to the extent permitted under New York law;

F. That the Court award Plaintiff its reasonable attorney's fees together with costs;

G. That Plaintiff be granted prejudgment and post judgment interest;

H. Such other and further relief as this Court may deem just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

January 21, 2019              Respectfully submitted,


/s/ Alan Federbush

John Zaccaria
  jzaccaria@notaromichalos.com
Alan Federbush
  alan.federbush@notaromichalos.com
NOTARO, MICHALOS & ZACCARIA P.C.
100 Dutch Hill Road, Suite 240
Orangeburg, NY 10962
Telephone:  (845) 359-7700
Facsimile:   (845) 359-7798

Attorneys for Plaintiff
Enchante Accessories, Inc.