UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ENCHANTE ACCESSORIES, INC.<br><br>                    Plaintiff,<br><br>       v.<br><br>TURKO TEXTILE, LLC<br><br>                    Defendant. | Civil Action No.: 19-cv-581-WHP<br><br>**STIPULATED CONFIDENTIALITY<br>AGREEMENT AND PROTECTIVE ORDER** |

WILLIAM H. PAULEY III, U.S.D.J

   WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

   WHEREAS, the Parties, through counsel, agree to the following terms; and

   WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

   IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits. In addition, any Party to this litigation shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business, financial or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business, financial or competitive position of the designating party or that would provide the recipient a business, financial or competitive advantage.

2. The Party or person producing or disclosing Discovery Material or its counsel ("Producing Party") may designate as Confidential such material that it reasonably and in good faith believes consists of:

    (a) financial and business information that the party regards as confidential or proprietary (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b) trade secrets and/or research, or proprietary technical information;

    (c) product or commercial development information;

    (d) previously non-disclosed material relating to ownership or control of any non-public company;

    (e) previously non-disclosed business plans, or marketing plans;

    (f) any information of a personal or intimate nature regarding any individual;

   (g) any material that is not generally known or otherwise available to the public; or

   (h) any other category of information this Court subsequently affords confidential status.

3. With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such material as "Confidential" by stamping or otherwise clearly marking the term "Confidential" on each page of the produced material in a manner that will not interfere with legibility or audibility. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any "Attorneys' Eyes Only" material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall further mark the same with the legend: "ATTORNEYS' EYES ONLY."

4. A Producing Party may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material or Attorneys' Eyes Only either by:

   (a) indicating on the record during the deposition that a question calls for Confidential or Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential (or Attorneys' Eyes Only) Information Governed by Protective Order;" or

   (b) notifying all counsel of record, in writing, within 14 days after receipt of the transcript, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the

designated transcript in their possession or under their control as directed by the Producing Party. During the 14-day period following a deposition, all Parties will treat the entire deposition transcript and exhibits as if it had been designated Attorneys' Eyes Only.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Attorneys' Eyes Only. Opposing counsel and authorized recipients shall not be responsible for any otherwise proper actions they took with respect to such information before receiving notice of the change of designation.

6. Nothing contained in this Order will be construed as:

   (a) a waiver by a Party or person of its right to object to any discovery request;

   (b) a waiver of any privilege or protection; or

   (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, anyone subject to this Order may disclose such information only to the following persons:

   (a) the Parties to this action, their insurers, and counsel to their insurers;

   (b) trial counsel of record retained specifically for this action, including any paralegal, clerical, attorney employed by the trial counsel's firm, or other assistant that such trial counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties jointly engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any person not an employee or otherwise affiliated with a Party that a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) stenographers engaged to transcribe depositions the Parties conduct in this action;

(h) this Court, including any appellate court, its support personnel, and court reporters, and jury members; and

(i) any other person as to whom the Producing Party agrees in writing in advance of any disclosure.

8. Discovery Material designated as "Attorneys' Eyes Only" may <u>not</u> be disclosed to anyone in category 7(a) above.

9. Before disclosing any Confidential or Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 7(d) or 7(f) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be

bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, and produce it to opposing counsel along with a copy of that persons curriculum vitae, which includes the person's employment history for the past five years and a description of every current or previous employment or consulting relationship with any of the Parties, at least seven (7) calendar days before such person is permitted to access any Confidential or Attorneys' Eyes Only Discovery Material. If any objection is raised within the seven (7) days to such disclosure, no disclosure shall be made until the dispute is settled with the Court.

10. Notwithstanding any other provision of this Order, at a deposition or trial in this action: (a) a Party or present employee of a Party may be examined and may testify concerning all Confidential or Attorneys' Eyes Only material produced by that Party; (b) a former employee of a Party may be examined and may testify concerning all Confidential or Attorneys' Eyes Only material produced by that Party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the former employee, or if counsel has a good-faith basis to believe the former employee has prior knowledge of the information contained in the document; and (c) non-parties may be examined and may testify concerning any document containing Confidential or Attorneys' Eyes Only information of a Producing Party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the non-party. Whenever a deposition taken on behalf of any Party involves a disclosure of Confidential or Attorneys' Eyes Only information of any Party, the Producing Party shall have the right to exclude from attendance at said deposition, during such time as Confidential or

Attorneys' Eyes Only information is to be disclosed, any person other than the person(s) agreed upon pursuant to paragraphs 7 and 8 above.

11. In accordance with paragraph V(B) of this Court's Individual Practices, any party filing documents under seal must comply with paragraph V(A) of those Practices.

12. The restrictions set forth in any of the paragraphs of this Order shall not apply to Discovery Material designated as Confidential or Attorneys' Eyes Only if that information: (a) was, is, or becomes public knowledge, not in violation of this Order; (b) is lawfully acquired by the non-designating party from a third party having the right to disclose such information or material independent of the Producing Party; or (c) was lawfully possessed by the non-designating party prior to entry by the Court of this Order.

13. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement within ten (10) business days of the written notice, the Party challenging the designation may request appropriate relief from the Court. The Producing Party who made the designation shall have the burden of proving that information has been properly designated.

14. Recipients of Confidential or Attorneys' Eyes Only Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect

or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order will prevent any Party from producing any Confidential or Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Each person who has access to Discovery Material designated as Confidential or Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential or Attorneys' Eyes Only Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival

copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Attorneys' Eyes Only Discovery Material. Any such archival copies that contain or constitute Confidential or Attorneys' Eyes Only Discovery Material remain subject to this Order.

18. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential or Attorneys' Eyes Only Discovery Material is produced or disclosed.

19. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. The production of privileged or work-product protected documents, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502. If a Producing Party claims that it inadvertently produced in discovery information that is subject to a claim of privilege, work product, or trial-preparation material, the Parties shall comply with the requirements of Fed. R. Civ. P. 26(b)(5)(B).

21. With respect to privilege logs, neither Party need log any communications from the filing date of the action and thereafter.

22. So long as the actual contents of the confidential information are not disclosed, this Order does not bar counsel from rendering advice to their clients in this litigation

relying upon Confidential Discovery Material. In no event may counsel render advice on matters unrelated to this litigation based upon Confidential Discovery Material.

SO STIPULATED AND AGREED.

| | |
|---|---|
| s/ Alan Federbush | s/ Robert R. Axenfeld |
| John Zaccaria<br>Alan Federbush<br>NOTARO, MICHALOS & ZACCARIA, P.C.<br>100 Dutch Hill Road, Suite 240<br>Orangeburg, NY 10962<br>(845) 359-7700<br>Attorneys for Plaintiff Enchanté Accessories, Inc. | Robert R. Axenfeld (*pro hac vice*)<br>Axenfeld law Group, LLC<br>2001 Market St. Suite 2500<br>Philadelphia, PA 19103<br>(215) 422-3000<br>Attorney for Defendant Turko Textile, LLC |
| Dated:   July 22, 2019 | Dated: July 22, 2019 |

Dated:  July 26, 2019

New York, New York

SO ORDERED:

*/s/ William H. Pauley III*
WILLIAM H. PAULEY III
U.S.D.J.

## EXHIBIT

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| Enchanté Accessories, Inc.,<br>            **Plaintiff,** | **NON-DISCLOSURE<br>AGREEMENT** |
| v. | Civil Action No. 19-cv-581 (WHP) |
| Turko Textile, LLC.,<br><br>            Defendant. | |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated:

## SIGNATURE CERTIFICATION

Pursuant to Section 8.5 of the Electronic Case Filing Rules and Instructions, I hereby certify that the content of this document is acceptable to Robert Axenfeld, counsel for Defendant Turko Textile LLC, and that I have obtained Mr. Axenfeld's authorization to affix his electronic signature to this document.

        s/ Alan Federbush

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2019, a copy of the foregoing was filed electronically on the court's ECF system. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        s/ Alan Federbush