USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                            :

ENCHANTE ACCESSORIES, INC.,       :

                                    Plaintiff,   :

                                                :         1:19-cv-581-GHW

              -against-               :

                                                :     MEMORANDUM OPINION &
TURKO TEXTILE, LLC,                 :              ORDER

                                                  :

                                  Defendant.  :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      For decades Plaintiff Enchante Accessories, Inc. has used the term "Enchante Accessories" as a trade name for its business selling a range of household products, including pillows, towels, and bathrobes. In 2014, Defendant Turko Textile, LLC adopted the mark "Enchante Home" for its line of products that now includes, yes, pillows, towels, and bathrobes. Plaintiff filed a motion for summary judgment, asking that the Court rule as a matter of law that Defendant's use of its mark on competing products violated the Lanham Act, 15 U.S.C. § 1125(a)(2)(A), as well as a variety of New York State laws. Defendant cross-moved for summary judgment in its favor. On July 15, 2022, Magistrate Judge Sarah Netburn issued a Report & Recommendation (the "R&R") in response to the parties' dueling motions for summary judgment. Dkt. No. 149. Because the R&R properly concluded that there was a triable issue of fact regarding the proper evaluation of the factors laid out in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 493 (2d Cir. 1961), the Court denies the parties' dueling motions for summary judgment with respect to Plaintiff's Lanham Act claims, and grants in part and denies in part Defendant's motion with respect to Plaintiff's claims that arise under New York State law.

I.  **BACKGROUND**

The Court refers the reader to the R&R for a comprehensive description of the facts and procedural history of this case leading up to the issuance of the R&R.

In their respective motions for summary judgment, each of the parties argued that the Court could determine as a matter of law whether there was a likelihood that buyers would be misled or confused as to the source of the product in question.  In the R&R, Judge Netburn carefully examined each of the factors identified by Judge Friendly in *Polaroid Corp. v. Polarad Elecs. Corp.*: "(1) the strength of the mark, (2) the degree of similarity between the two marks, (3) the competitive proximity of the products, (4) the likelihood that the prior owner will 'bridge the gap,' (5) actual confusion between products, (6) defendant's good faith in adopting its mark, (7) the quality of defendant's product, and (8) the sophistication of the buyers."  R&R at 8-9.  After an extensive evaluation of the facts presented by the parties in connection with each of those factors, and an assessment of the weight to be afforded to each factor, Judge Netburn concluded that "Plaintiff has not shown a likelihood of confusion as a matter of law . . ." and that "there are triable issues of material fact regarding the strength of Plaintiff's mark and the competitive proximity of the parties' products . . . ."  *Id.* at 27.  Because Judge Netburn identified triable issues of fact with respect to the core question regarding likelihood of confusion, she recommended that both parties' motions for summary judgment be denied as to Plaintiff's claims under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), and its trademark infringement claims under New York common law and N.Y. Gen. Bus. Law § 360-o.  *Id.* at 27-28.

The R&R also recommended that the Court grant summary judgment to Defendant with respect to Plaintiff's unfair competition claim under New York law.  Judge Netburn based her recommendation on the unchallenged premise that to prevail on its unfair competition claim, Plaintiff "'must couple its evidence supporting liability under the Lanham Act with additional

2

evidence demonstrating [the defendant's] bad faith."'" R&R at 28 (*quoting Info. Superhighway, Inc. v. Talk Am.*, 395 F. Supp. 2d 44, 56 (S.D.N.Y. 2005)). Judge Netburn examined the record evidence, which included evidence that Defendant had adopted its mark after conducting a search for competing marks that did not reveal Plaintiff's trade name. Having done so, Judge Netburn concluded that "Plaintiff has not identified any evidence of bad faith on Defendant's part," and so recommended that the Court grant Defendant's motion for summary judgment on Plaintiff's common law unfair competition claim. R&R at 28. The R&R recommended the dismissal of Plaintiff's claim for the use of a name with intent to deceive under N.Y. Gen. Bus. Law § 133 for substantially the same reason—namely that "[t]here is no evidence that suggests that Defendant adopted the mark 'Enchante Home' in bad faith or with an intent to deceive the public." *Id.* at 28-29.

Finally, the R&R recommended that the Court grant Defendant summary judgment with respect to Plaintiff's claim for injury to its business reputation under N.Y. Gen. Bus. Law § 360-l. The R&R stated that "New York General Business Law § 360-[l] 'requires plaintiff to prove "(1) that it possess[es] a strong mark-one that has a distinctive quality or has acquired a secondary meaning . . . and (2) a likelihood of dilution by either blurring or tarnishment.[']'" R&R at 29 (*quoting RVC Floor Decor, Ltd. v. Floor & Decor Outlets of Am., Inc.*, 527 F. Supp. 3d 305, 330 (E.D.N.Y. 2021)). Judge Netburn examined the facts presented by the parties and concluded that Plaintiff had not presented evidence that met its burden with respect to the second element of the test—a likelihood of dilution by blurring or tarnishment: "Plaintiff has not made a showing that Defendant's product is of 'shoddy quality' such that it would tarnish Plaintiff's mark, or that Defendant's mark is so popular that it is likely to overwhelm Plaintiff's." R&R at 30. Thus, Judge Netburn recommended that the Court grant summary judgment to Defendant with respect to this claim.

Both Plaintiff and Defendant filed objections to the R&R on July 29, 2022. Defendant's objections support many of the conclusions of the R&R, but Defendant argues that "the Report fails to properly weigh the most applicable *Polaroid* factors based on the record in this case . . . ." Dkt. No. 153 (the "Defendant's Objections"), at 6. The Defendant's Objections contend that the R&R failed to "properly weigh" the evidence of actual confusion and the evidence that buyers of the parties' products were "highly-sophisticated professional buyers." *Id.* The Defendant's Objections also assert that the R&R erred by not finding as a matter of law that Plaintiff's mark was "exceptionally commercially weak." *Id.* at 12. In addition, Defendant contends that the R&R failed to "appreciate" that the products of the parties are not competitively proximate. *Id.* at 17.

Plaintiff's objections focus first on the R&R's evaluation of the *Polaroid* factors. Plaintiff contends that the R&R failed to view the evidence properly in light of the fact that its "customers are retailers, not consumers . . . ." Dkt. No. 152 (the "Plaintiff's Objections"), at 3. The Plaintiff's Objections then critique the R&R's assessment of each of the *Polaroid* factors in turn. The Plaintiff's Objections also take aim at the R&R's recommendations regarding Plaintiff's claims under N.Y. Gen. Bus. Law § 133 for the use of a name with intent to deceive and for unfair competition under New York common law. The Plaintiff's Objections do not dispute the legal foundation for Judge Netburn's conclusions with respect to those claims. Instead, Plaintiff argues that "the facts on which the R&R relied for Defendant's good faith are vigorously disputed." *Id.* at 24. In support of this argument, Plaintiff points to the testimony of Defendant's founder regarding the nature of the search that he undertook prior to adopting Defendant's mark: "the R&R relied primarily on Defendant's founder's testimony that he performed a search for 'Enchante' and 'Enchante Home' before selecting Defendant's name in 2014 . . . . The interpretation and accuracy of this testimony and whether these searches, unaided by counsel, were reasonable is vigorously disputed by the parties." *Id.* at 20.

Finally, the Plaintiff's Objections attack the R&R's conclusion that summary judgment should be granted in favor of Defendant with respect to Plaintiff's claim under N.Y. Gen. Bus. Law § 360-l. Plaintiff points out that the test for determining whether "blurring" exists is one with multiple factors. Plaintiff's Objections at 24. Plaintiff argues that the R&R analyzed only one factor of the blurring test to conclude that there was no issue of material fact regarding the prospect of blurring. *Id.* at 24-25 (arguing that R&R's conclusion regarding the blurring test "corresponds only to the sixth factor of the blurring test. This six-factor test, however, is a balancing test just like the balancing of the *Polaroid* factors in an analysis of likelihood of confusion.").

## II. LEGAL STANDARD

### a. Review of Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews, *de novo*, "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for

clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

### b. Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (quoting former Fed. R. Civ. P. 56(c))). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to present "evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 323). To defeat a motion for summary judgment, the non-movant "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting former Fed. R. Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252. Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts . . ." *Matsushita*, 475 U.S. at 586 (citations omitted), and the non-movant "may not rely on conclusory allegations or unsubstantiated

6

speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks and citation omitted).

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)). The Court's job is not to "weigh the evidence or resolve issues of fact." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 254 (2d Cir. 2002) (citation omitted); *see also Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996) ("In applying th[e] [summary judgment] standard, the court should not weigh evidence or assess the credibility of witnesses."). "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citation omitted).

## III.    DISCUSSION

The Court has reviewed the recommendations contained in the R&R *de novo*. Having done so, the Court adopts Judge Netburn's recommendation that summary judgment be denied to both parties with respect to Plaintiff's claims under the Lanham Act, and its trademark infringement claims under New York common law and N.Y. Gen. Bus. Law § 360-o. "As in any other area of law, . . . [i]f a factual inference must be drawn to arrive at a particular finding on a *Polaroid* factor, and if a reasonable trier of fact could reach a different conclusion, the district court may not properly resolve that issue on summary judgment." *Tiffany and Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 86 (2d Cir. 2020) (internal quotation marks and citation omitted). As the parties' objections amply illustrate, there are multiple factual inferences that a reasonable jury might draw in connection with the *Polaroid* factors in this case, yielding different conclusions. Therefore, summary judgment is inappropriate with respect to these claims.

The R&R also properly concluded that Plaintiff failed to present evidence that Defendant acted in bad faith. Plaintiff has not presented specific evidence showing that there is a genuine issue for trial. The only evidence that Plaintiff points to in order to establish a disputed issue of fact on this issue is the testimony of Defendant's founder regarding the scope of his searches for potentially conflicting marks at the time that Defendant adopted its mark. Plaintiff's Objections at 20. Unsurprisingly, Defendant's founder did not testify that he knew of the existence of Plaintiff's mark or that he had acted in bad faith when adopting the mark. Dkt. No. 128 ¶¶ 381-84 (describing testimony of Defendant's founder regarding his love of Paris, association of Paris with the textile business, and various searches conducted prior to adopting the mark "Enchante Home"). Plaintiff's argument that the founder's testimony supports a finding of bad faith rests on a contention that the testimony of the founder might be found by a jury to be incredible, and an argument that the founder's testimony could be construed to suggest that he only searched for uses of the term "Enchante Home," rather than the broader term "Enchante." If he only searched for the narrower term, Plaintiff argues, the search was unreasonable. Dkt. No. 96 at 24 (arguing that the founder's searches were not those of a "reasonably prudent business person"). But, as Judge Netburn properly found, there is no evidence that Defendant knew of Plaintiff's mark and deliberately adopted a mark known to be similar to it to capitalize on the mark's reputation and good will. R&R at 24.

Plaintiff's argument rests on the premise that it can establish bad faith by demonstrating that the scope of Defendant's search was unreasonable—and, presumably, that a reasonable search would have surfaced its name. But Plaintiff does not support its argument with any case supporting the contention that an unreasonable search is sufficient on its own to illustrate that a party acted in bad faith when adopting a mark. There is no evidence in this record that Defendant wished consciously to avoid finding marks that might conflict with their proposed mark, such that they

8

intentionally conducted an unreasonable search. Lacking evidence of bad faith or even conscious avoidance, Plaintiff relies on conclusory allegations or unsubstantiated speculation, which are insufficient to meet its burden. Judge Netburn correctly determined that Plaintiff had not presented sufficient evidence with respect to this aspect of its claim, and that, therefore, summary judgment was warranted with respect to Plaintiff's unfair competition claim, as well as its claim for use of a name with intent to deceive under N.Y. Gen. Bus. Law § 133.

Plaintiff's objection to the R&R's recommendation that the Court grant summary judgment to Defendant with respect to Plaintiff's claim under N.Y. Gen. Bus. Law § 360-l has merit because the R&R did not balance all of the relevant factors under New York law to determine whether a reasonable jury could conclude that dilution by blurring had occurred. The R&R concluded that summary judgment should be granted with respect to that claim because Plaintiff "has not made a showing . . . that Defendant's mark is so popular that it is likely to overwhelm Plaintiff's." R&R at 30. The Plaintiff's Objections critique this conclusion because the test for determining whether "blurring" exists is one with multiple factors, and the R&R turned on its assessment of only one. Plaintiff's Objections at 24.

The factors to determine whether there has been dilution by blurring under New York law are not "coextensive with the factors for determining dilution by blurring under federal law." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 114 (2d Cir. 2009). Under New York law, "[t]o determine the likelihood of blurring, we have looked to six factors, including: (i) the similarity of the marks; (ii) the similarity of the products covered; (iii) the sophistication of the consumers; (iv) the existence of predatory intent; (v) the renown of the senior mark; and (vi) the renown of the junior mark." *New York Stock Exch., Inc. v. New York, New York Hotel LLC,* 293 F.3d 550, 558 (2d Cir. 2002). "But again, those factors are only guideposts: The ultimate question under New York law is whether there is a likelihood that the capacity of the senior owner's mark 'to serve as a unique

9

identifier of its source' will be diminished." *Coty Inc. v. Excell Brands, LLC*, 277 F. Supp. 3d 425, 459 (S.D.N.Y. 2017) (quoting *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 561 F. Supp. 2d 368, 393 (S.D.N.Y. 2008)).

There is a triable issue regarding whether dilution by blurring has occurred. As the R&R properly acknowledged, the first five factors in the New York state test for blurring "closely track the analogous *Polaroid* factors . . . ." R&R at 29. The sixth factor—the "renown of the junior mark" was described by Judge Sweet as "addressing the possibility that 'a junior mark may become so famous that it will overwhelm the senior mark. Dilution under this theory might occur where the senior user's advertising and marketing have established certain associations for its product among a particular consumer group, but the junior mark's subsequent renown causes the senior user's consumers to draw the associations identified with the junior user's mark.'" *Paco Sport, Ltd. v. Paco Rabanne Parfums*, 86 F. Supp. 2d 305, 330 (S.D.N.Y.), *aff'd sub nom. Paco Sport, Ltd. v Paco Rabanne Perfumes*, 234 F.3d 1262 (2d Cir. 2000) (quoting *Mead Data Cent., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 875 F.2d 1026, 1038 (2d Cir. 1989) (Sweet, J. concurring)). Importantly, as the Plaintiff's Objections point out, the renown of the junior mark is only one of six, nonexclusive factors to be considered under New York law in determining whether blurring has occurred.

As noted above, there is a triable issue of fact regarding whether Plaintiff can establish its Lanham Act claims. In other words, the first five factors of New York's blurring test do not weigh dispositively in Defendant's favor. Even if, as Judge Netburn concluded, "Plaintiff has not made a showing that . . . Defendant's mark is so popular that it is likely to overwhelm Plaintiff's[,]" that fact alone does not weigh so heavily in the assessment of the test for blurring that the Court can conclude that Plaintiff is entitled to judgment on this claim as a matter of law. "The ultimate question under New York law is whether there is a likelihood that the capacity of the senior owner's mark to serve as a unique identifier of its source will be diminished." *Coty Inc.*, 277 F. Supp. 3d at

459 (internal quotation marks omitted). Given the disputed issues of fact with respect to the first five factors, this ultimate question must be resolved by the finder of fact.

### IV. CONCLUSION

For the foregoing reasons, the Court adopts Judge Netburn's thoughtful and well-reasoned R&R in part. Plaintiff's motion for summary judgment is DENIED. Defendant's motion for summary judgment is GRANTED with respect to Plaintiff's unfair competition claim, as well as Plaintiff's claim for the use of a name with intent to deceive under N.Y. Gen. Bus. Law § 133. Defendant's motion for summary judgment is DENIED with respect to the remainder of Plaintiff's claims.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 91 and 106.

SO ORDERED.

Dated: September 12, 2022  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge

11