UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ENCHANTE ACCESSORIES, INC.,

                        Plaintiff,

         -against-

TURKO TEXTILES, LLC,

                       Defendant.
-----------------------------------------------------------------X

19-CV-00581 (GHW)(SN)

**OPINION AND ORDER**

**SARAH NETBURN, United States Magistrate Judge.**

    Defendant Turko Textiles Inc. has moved to strike Plaintiff Enchante Accessories, Inc.'s demand for a jury trial. Defendant's motion is GRANTED.

## BACKGROUND

### I. Factual Background

    This Opinion and Order assumes a reader's familiarity with the facts and procedural history of this case, which are detailed in the Court's July 15, 2022 Report and Recommendation on the parties' cross-motions for summary judgment. See ECF No. 149. In brief: Plaintiff is a manufacturer of home accessories, including bath towels, and has been operating under its current name since 1997. Defendant was founded in 2014 and markets products, including bath towels, under the brand name "Enchante Home." In 2017, Defendant attempted to register the stylized mark Enchante Home. Plaintiff opposed this application, with the subsequent dispute eventually giving rise to this litigation.

## II.	Procedural Background

Plaintiff's complaint brought claims for trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a)(2)(A), and New York common law, as well as unfair competition under New York common law, use of name with intent to deceive under New York General Business Law § 133, injury to business reputation under New York General Business Law § 360-1, and unjust enrichment. Plaintiff's unjust enrichment claim was withdrawn early in the litigation. Plaintiff moved for summary judgment on its Lanham Act Claim, and Defendant cross-moved for summary judgment on all claims. Judge Gregory H. Woods's September 12, 2022 Opinion and Order adopted in part this Court's Report and Recommendation, granting Defendant summary judgment with respect to Plaintiff's claims for unfair competition and use of a name with intent to deceive. Shortly thereafter, Defendant moved to strike Plaintiff's jury demand. Plaintiff, in opposing this motion, has cross-moved to request an advisory jury pursuant to Federal Rule of Civil Procedure 39(c).

## DISCUSSION

Plaintiff's complaint seeks multiple forms of injunctive relief, attorneys' fees, an accounting of Defendant's profits, and damages. Defendant asserts that because the first three categories of relief are equitable in nature, and Plaintiff has produced no evidence or pled any theory that would give rise to the legal remedy of damages, Plaintiff is not entitled to a jury trial. Plaintiff responds that its jury demand was properly noticed and has not been waived or surrendered, and that it can and will seek damages at trial. Plaintiff does not contest the equitable nature of the non-damages remedies it is seeking.

I.       **Right to Trial by Jury**

A jury demand may be stricken when "the court, on motion or on its own, finds that on some or all of those issues [so demanded] there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). The Seventh Amendment states that the right to a jury trial is limited to "suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const. amend. VII. The Supreme Court has "consistently interpreted the phrase 'Suits at common law' to refer to suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989) (internal quotation marks omitted).

"In deciding whether a particular action is a suit at law that triggers this important protection, we are instructed to apply the two-step test set forth in Granfinanciera . . . ." Pereira v. Farace, 413 F.3d 330, 337 (2d Cir. 2005). "First, we ask whether the action would have been deemed legal or equitable in 18th century England. Second, we examine the remedy sought and determine whether it is legal or equitable in nature. We then balance the two, giving greater weight to the latter." Id. (internal citations and quotation marks omitted).

"While damages directly measure the plaintiff's loss, defendant's profits measure the defendant's gain. . . . [An accounting] is not to be confused with *plaintiff's* lost profits, which have been traditionally compensable as an element of Plaintiff's damages." George Basch Co. v. Blue Coral, Inc., 968 F.2d 1532, 1540 (2d Cir. 1992) (emphasis in original).

It is undisputed that, of the relief sought, only Plaintiff's claim for damages would entitle it to a jury trial. The question before the Court, therefore, is whether Plaintiff may seek damages at trial.

**II.     Sufficiency of Plaintiff's Pleadings and Discovery Responses**

Rule 26 requires parties to disclose "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). This obligation "extends to supplementing and amending that computation if it changes materially." Agence France Presse v. Morel, 293 F.R.D. 682, 685 (S.D.N.Y. 2013) (citing Fed. R. Civ. P. 26(e)(1)(A)).

Rule 37 states that a party that fails to provide information required by Rule 26(a) or (e) cannot use that information to supply evidence at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Preclusion of undisclosed evidence under Rule 37 is automatic, but not mandatory. Design Strategy, Inc. v. Davis, 469 F.3d 284, 298 (2d Cir. 2006) ("[I]f an appropriate motion is made and a hearing has been held, the court does have discretion to impose other, less drastic, sanctions.").

Plaintiff's complaint seeks damages "in the full amount Plaintiff has sustained as a consequence of Defendant's acts." Compl., p. 17. Plaintiff's initial disclosure restates its claim for damages, but contains no computation, stating only that the "calculation of Plaintiff's damages depends on information in the possession, custody and/or control of the defendant. Therefore, a computation of damages is premature." ECF No. 167-1 at 6.

Defendant's first set of interrogatories asked for Plaintiff to "[i]dentify each computation of each category of damage alleged by Plaintiff in its Complaint." ECF No 167-2 at 6. Plaintiff's response to that interrogatory objected "to the extent it seeks information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable

4

privilege" and as being "premature in calling for expert discovery." ECF No. 167-3 at 9. Defendant restated its request in its second set of interrogatories, and Plaintiff responded in an identical manner. ECF Nos. 167-2 at 11, 167-3 at 25. Plaintiff's first and second supplemental disclosures also contain no damages calculation, repeating the Complaint's assertion that calculation of Plaintiff's damages depends on information in the custody and/or control of Defendant. ECF Nos. 167-4 at 7, 167-5 at 8.

During a January 23, 2020 discovery conference before the Court, counsel for Plaintiff stated that "the damages calculation will be based on how many towels [Defendant has] sold, not us . . . . It doesn't matter how many towels we've sold in the past." ECF No. 167-6 at 4. Plaintiff's expert's report was limited in scope to "analyz[ing] the opinions proffered by [Defendant's expert]" and did not contain any basis by which Plaintiff's damages could be calculated. ECF No. 120-33 at 3.

Plaintiff's statements referencing Defendant's sales and information in Defendant's possession indicate that it has at times conflated damages, a term of art, with monetary awards it is seeking via unquestionably equitable remedies like an accounting. The result is that Plaintiff has produced no calculation of its damages, i.e., the *harm* it has suffered as a result of Defendant's conduct.

Plaintiff has not addressed the foregoing deficiencies. Its brief in opposition argues that it has not waived its jury demand because that demand was properly noticed and restated in its disclosures. But the right to a trial by jury is determined by the substance of a party's claims, not by the words used in its pleadings. See Design Strategies, Inc. v. Davis, 367 F. Supp. 2d 630, 637 (S.D.N.Y. 2005) ("[A plaintiff's] own characterization of its causes of action and the remedies it seeks [] does not control the Seventh Amendment analysis.") (citing Dairy Queen, Inc. v. Wood,

5

369 U.S. 469, 477-78 (1962) ("[T]he constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings.")).

Plaintiff also claims that the sufficiency of its production is simultaneously a discovery issue that "should have been brought to the Court's attention long ago" as well as a "factual question[] for a jury." Plf. Opp. Br. at 3. This argument, in addition to being somewhat nonsensical, lacks any basis in law. The sole unreported case Plaintiff cites in support states in *dicta* that "motions for discovery sanctions must be brought first before [the Magistrate Judge]" Mastercard Int'l, Inc. v. Arbel Corp., No. 86-cv-6801 (SWK), 1989 WL 125781, at *3 (S.D.N.Y. Oct. 18, 1989). This statement does nothing to prevent the automatic preclusion of evidence under Rule 37, and when read in context is responding to the fact that the movant in that case had already been denied preclusion by the presiding Magistrate Judge, failed to appeal that denial, and was restating its argument in an entirely separate motion before the District Judge. See id. at 2 ("Without specifically appealing the [Magistrate Judge's] order denying plaintiff the harsher remedy of exclusion under Fed. R. Civ. P. 37, plaintiff also reiterates its request for Rule 37 exclusions before this Court."). Plaintiff also quotes the court's statement that it found little merit with the motion to strike where the non-moving party had stated claims that entitled it to money damages. Id. at 3. Here, whether Plaintiff possesses any claim that entitles it to damages is *at issue*, making the relevance of this case unclear.

In Design Strategy, Inc., the Court of Appeals affirmed the District Court's preclusion of evidence under Rule 37 where the plaintiff's complaint contained a "generic reference to 'damages'" but its initial disclosure "omitted any reference to its own lost profits as a measure of recompense" and focused instead on the defendant's profits. 469 F. 3d at 295. It also affirmed

6

the District Court's subsequent denial of a jury trial because all of the plaintiff's remaining remedies were equitable in nature.

The situation before the Court is entirely analogous. Plaintiff has claimed to be pursuing "damages" but has failed to make the disclosures mandated under Rule 26, and therefore is automatically precluded from presenting related evidence at trial under rule 37. A lesser sanction is not warranted given Plaintiff's repeated failure, including in its briefing on this motion, to produce a damages computation or even a theory as to how it will prove its own harm. All of Plaintiff's remaining claims are equitable in nature, and thus it is not entitled to a jury trial.

### III.    Nominal Damages

Plaintiff argues that it may yet be able to prove the existence, if not the amount, of actual damages it suffered, and that it therefore may be entitled to nominal damages and a corresponding jury trial. This argument is unavailing, as the sole non-controlling case Plaintiff cites in support is contrary to the practice in this Circuit. See TNS Media Rsch., LLC v. TRA Glob., Inc., No. 11-cv-4039 (SAS), 2014 WL 1370279, at *2 (S.D.N.Y. Apr. 7, 2014) ("Although [movant] may be entitled to a small nominal damages award, it is not entitled to a jury trial." (citing Van Wie v. Pataki, 267 F.3d 109, 115 n.4 (2d Cir. 2001) ("[G]enerally, in nominal damages cases, when such damage requests are below twenty dollars, there is no right to a jury trial."))), rev'd in part on other grounds, 629 F. App'x 916 (Fed. Cir. 2015).

### IV.    Plaintiff's Cross-Motion for an Advisory Jury Under Rule 39(c)

Rule 39(c) allows a court to try any issue with an advisory jury. Because this decision is within the discretion of the District Judge, the Court does not address Plaintiff's application here.[1]

---

[1] Plaintiff may renew its request before Judge Woods no later than April 12, 2023. See ECF No. 163.

7

## CONCLUSION

Plaintiff has failed to disclose damages computations as required by Rule 26, and is therefore precluded from introducing evidence of the same at trial. Plaintiff's remaining claims are equitable in nature, and do not entitle it to a trial by jury under the Seventh Amendment. Accordingly, Defendant's motion to strike Plaintiff's jury demand is granted. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 165.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: January 25, 2023
New York, New York